JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants John Karafa and his wife Kathy appeal the trial court's grant of summary judgment to defendant-appellee Travelers Insurance (insurer).
 {¶ 2} John Karafa was driving in the course and scope of his employment for D.L. Limousine (employer) in August 1995 when he was rear-ended by an uninsured motorist, Kelly Toni (tortfeasor). He suffered neck and back injuries and subsequently filed suit against tortfeasor and his insurance company, Allstate, in 1997.
 {¶ 3} Without success, Karafa tried to discover the name of employer's insurance company so that he could file a claim for uninsured motorist coverage. Employer failed to appear for two depositions duces tecum in this first filing of the case. Employer also told Karafa that its insurance did not include uninsured motorist coverage. Karafa then dismissed the case without prejudice pursuant to Civ.R. 41(A).
 {¶ 4} He refiled within a year under the savings statute, R.C.2305.19, naming tortfeasor and his own insurance company again. He amended his complaint twice, adding his employer the first time and Travelers Insurance, whom he had discovered was the insurer for his employer, the second time.[1] In the second filing, he was unsuccessful in obtaining ordinary and certified mail service on tortfeasor, whom he determined was not only uninsured but also judgment-proof, or on employer. Karafa voluntarily dismissed his own insurance company, Allstate, in the second suit after he determined that his policy did not provide coverage.
 {¶ 5} Citing lack of timely notice and loss of subrogation rights, Travelers Insurance filed a motion for summary judgment, which the court granted in an entry stating, "[n]ew party Deft. Travelers Indemnity Co. of Illinois' motion for summary judgment (filed 7/30/01) is hereby granted." The court then dismissed the case for lack of service on the other two defendants, and Karafa timely appealed.
 {¶ 6} Karafa states two assignments of error, each with two sub-issues. We will address the second assignment of error first.
 {¶ 7} For his second assignment of error, Karafa states:
 {¶ 8} "II. The trial court erred in granting defendant Travelers Indemnity Company of Illinois' motion for summary judgment where genuine issues of material fact remain regarding whether plaintiffs' notice of the claims was reasonable under all the relevant circumstances and whether Travelers suffered prejudice as a result thereof. (R. 43.)"
 {¶ 9} Karafa states two issues under this assignment of error. For his first issue, he asks: "Whether summary judgment is appropriate when reasonable minds could come to more than one conclusion as to whether the notice given by the insured was reasonable under all relevant circumstances." For his second issue, Karafa states: "Whether summary judgment is appropriate when reasonable minds could come to more than one conclusion as to whether the insured [sic] was actually prejudiced as a result of any delay in receiving notice of the uninsured motorist claim."
 {¶ 10} In light of the recent Ohio Supreme Court's decision inFerrando v. Auto-Owners Mutual Insurance (2002), Ashtabula App. No. 2000-A-0038, 2002-Ohio-7217, we hold that the trial court erred in granting summary judgment for the insurance company because there are issues of material fact to resolve. The Ferrando Court established a two-part test for late-notice UM/UIM auto insurance cases. First, the trial court must "determine whether a breach of the provision at issue actually occurred." Id. at ¶ 89. In making this determination, the court must consider the surrounding facts and circumstances of the notification. If the court determines that the notice was not reasonable, it must, second, "inquire whether the insurer was prejudiced." ¶ 90. If the court has determined that the notice was unreasonable, then there is a "presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut." Id.
 {¶ 11} In the case at bar, the trial court must determine whether the delay in notifying the insurance company was reasonable from the surrounding facts and circumstances. If it does find the delay unreasonable, then the trial court must determine whether that delay prejudiced the insurance company. Obviously this inquiry requires the taking of evidence which was not considered in the summary judgment motion which the trial court granted. Accordingly, the second assignment of error is granted.
 {¶ 12} For his first assignment of error, Karafa states:
 {¶ 13} "I. The trial court erred in granting defendant Travelers Indemnity Company of Illinois's motion for summary judgment where plaintiffs are "legally entitled to recover" damages under the terms of the Travelers' Policy and R.C. 3937.18. (R.43)."
 {¶ 14} Despite the lack of timely service on the tortfeasor, Karafa argues that he is still legally entitled to uninsured motorist coverage under the statutory definition of "legally entitled to recover" as it existed at the time the policy was entered into. Although the statute as amended no longer contains this language, the statute as it existed at the time the policy was entered into is the statute controlling in the case at bar. Ross v. Farmers Ins. Group (1998)82 Ohio St.3d 281, 289.
 {¶ 15} The policy is dated June 2, 1995. The version of R.C.3937.18 in effect in 1995 stated in pertinent part:
 {¶ 16} "For purposes of division (A)(1) of this section, a person is legally entitled to recover damages if he is able to prove theelements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of the uninsured motor vehicle has an immunity, whether based upon a statute or the common law, that could be raised as a defense in an action brought against him by the person insured under uninsured motorist coverage does not affect the insured person's right to recover under his uninsured motorist coverage." Emphasis added.
 {¶ 17} The issue, then, is whether a statute of limitations defense is considered an element of the claim.[2] Insurer argues that because Karafa never served the tortfeasor in his second filing of this suit, he never properly commenced the action against her under Civ.R 3(A) and, therefore, Karafa is not legally entitled to recover damages against her.
 {¶ 18} The Ninth Appellate District applied the second sentence of the definition in the 1994 version of the statute to the issue of the tortfeasor's statute of limitations in a suit against the insurer. "Under this statute, whether a suit against [tortfeasor] is time-barred by the statute of limitations is irrelevant to [the insurer]'s obligation to pay the UIM claim." Reich v. Wayne Mutual Ins. Co. (Oct. 28, 1998), Wayne App. No. 97CA0071. The court explained that "the express language of the statute" prevented applying the statute of limitations defense applicable to the tortfeasor to the insurer.
 {¶ 19} The 1994 statute defines "legally entitled to recover" as being "able to prove the elements of his claim that are necessary to recover damages." The elements of an injured party's claims are determined by common law: that is, a duty, a breach of that duty which is the proximate cause of an injury, and damages. The statute of limitations is a statutory creation designed to limit the exercise of the right to pursue recovery for the damages resulting from the tortfeasor's actions. It is not an element of that claim, but rather, a defense to it.
 {¶ 20} In Taylor v. Kemper Ins., (Jan. 16, 2003), Cuyahoga App. No. 81360, the applicable statute had not defined "legally entitled to recover." In that case, running of the statute of limitations would effectively have prevented the injured party from being legally entitled to recover from the tortfeasor. Under the subsequent 1994 definition in the statute, however, the legislature limited the definition to proving the elements of the claim.
 {¶ 21} Because Karafa can prove the elements of his claim against the tortfeasor, he, therefore, has met the requirement under the contract provision "legally entitled to recover." Karafa's failure to preserve the statute of limitations against the tortfeasor, therefore, does not preclude his claim against the insurance company. That issue falls, rather, under the question of subrogation. Indeed, we note that was the context in which the statute of limitations matter was first raised below. As a subrogation question, the standard under which the loss of this defense is to be reviewed requires proof of prejudice. Ferrando, supra.
 {¶ 22} In the case at bar, we note that Karafa alleged he attempted to identify his employer's insurer, but was prevented from doing so by his employer. At that time, the statute of limitations had not run on the tortfeasor. Because the purpose of R.C. 3937.18 is to protect the rights of persons who are injured by uninsured drivers, Karafa should not be precluded from coverage by any deceptive and dilatory acts of his employer. To rule otherwise would contradict the purpose of the statute. Karafa states he made good faith attempts to identify the employer's insurer and ascertain his rights under employer's policy, but was rebuffed by his employer, who failed to notify the insurer. Thus there is a question of who caused the prejudice. On remand, the court may consider whether the actions of Karafa, as limited by his employer, prejudiced the insurer. Similarly, under the same context, the court may also consider whether the tortfeasor was uninsured and judgment-proof.
 {¶ 23} The second assignment of error has merit.
Reversed and remanded for proceedings consistent with this opinion.
PATRICIA A. BLACKMON, P.J., CONCURS.
TERRENCE O'DONNELL, J., CONCURS IN JUDGMENT ONLY AS TO ASSIGNMENT OF ERROR NO. I; DISSENTS AS TO ASSIGNMENT OF ERROR NO II. NO SEPARATE OPINION.
[1] Because he believed that employer's policy did not include uninsured motorists coverage, Karafa did not include Travelers in the suit until the Supreme Court of Ohio held that such coverage was available in Linko v. Indemnity Insurance Co. (2000), 90 Ohio St.3d 445. It is not clear when he first discovered that employer's insurance did contain uninsured motorists coverage.
[2] Defendant does not argue that the statute of limitations defense is an "immunity." So we do not address this part of the statute.